UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS RUIZ FLOREZ,

                Plaintiff,

        -against-                            **REPORT AND RECOMMENDATION**

MISTER CANGREJO NY CORP. *and* 79-         20 CV 4745 (AMD) (CLP)
05/07/09 JACKSON HEIGHTS PROERTY
LLC,

                Defendants.
------------------------------------------------------------X

**POLLAK**, Chief United States Magistrate Judge:

On October 4, 2020, plaintiff Carlos Ruiz Florez commenced this action against

defendants Mister Cangrejo NY Corp. and 79-05/07/09 Jackson Heights Property LLC

(collectively, "defendants"), alleging that defendants violated the Americans with Disabilities

Act ("ADA"), 42 U.S.C. § 12181, et seq., by failing to provide facilities that were reasonably

accessible to plaintiff, who uses a wheelchair as a result of his disability.  (See Compl.[1]).

Plaintiff also alleges that defendants violated the New York State Human Rights Law

("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human Rights Law

("NYCHRL"), N.Y. Admin. Code § 8-107.  (Id.)

Currently pending before this Court is plaintiff's motion for default judgment.  (See

Mem.[2]).  For the reasons set forth below, the Court respectfully recommends that plaintiff's

motion be granted in part with the modifications as set forth below and denied in part.

---

[1] Citations to "Compl." refer to the Complaint, filed Oct. 4, 2020, ECF No. 1.
[2] Citations to "Mem." refer to plaintiff's Memorandum of Law in support of his motion for
default judgment, filed May 19, 2021, ECF No. 15.

**FACTUAL BACKGROUND**

Plaintiff resides in Queens County, New York and has used a wheelchair since he was a child.  (Compl. ¶¶ 5-6).  Defendants are alleged to "operate and/or lease property located at or about 79-09 Roosevelt Avenue" in Jackson Heights, New York 11372.  (Id. ¶ 7).  Defendants operate a "bar/restaurant" at that location ("the Premises"), which is alleged to be a place of public accommodation within the meaning of the ADA, the NYSCHRL, and the NYCHRL.  (Id. ¶¶ 10-11).

Plaintiff states that "[n]umerous architectural barriers exist" at the Premises that prevent or restrict his access, thus violating the ADA.  (Id. ¶¶ 12, 17).  Plaintiff lists 17 separate violations, but notes that plaintiff expects that, upon further inspection, additional violations will be revealed.  (Id. ¶¶ 20-22).  According to the Complaint, the Premises are not in compliance with the 1991 Standards, as required for buildings, like the Premises, which were built after 1993.  (Id. ¶¶ 13, 37).  Further, plaintiff states that when defendants made alterations to the Premises, they failed to make their facilities compliant with the 2010 Standards as set forth by 28 C.F.R. § 26.406(5).  (Id. ¶¶ 39-41).

Plaintiff argues that he suffers a "realistic, credible and continuing threat of discrimination" because he frequently travels to the area where the Premises is located and intends to patronize the Premises when it becomes compliant.  (Id. ¶¶ 26-28).  Plaintiff states that he is a "tester for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendants' place of public accommodation is fully accessible."  (Id. ¶¶ 29-30).

Plaintiff asserts a cause of action under the ADA based on the allegation that defendants subjected plaintiff, because of his disability, to disparate treatment by denying "full and equal

opportunity to use their place of public accommodation," including by failing to remove barriers where it is readily achievably to do so or by failing to provide reasonable alternatives.  (Id. ¶¶ 35, 37, 42, 43, 44).  Plaintiff also asserts causes of action under the NYSHRL and NYCHRL for the same alleged discriminatory acts, including defendants' failure to provide accommodations and maintenance of an inaccessible public facility.  (See id. ¶¶ 50, 61-64).  Plaintiff asserts that he is entitled to the monetary penalty set forth by New York Civil Rights Law §§ 40-c and 40-d, as well as injunctive and declaratory relief, and attorney's fees.  (Id. ¶¶ 72-73, 75-79).

## PROCEDURAL BACKGROUND

Following the filing of the Complaint on October 4, 2020, the Summons and Complaint were served on defendants through service on the Secretary of State.  (See Mem. ¶ 3; ECF Nos. 7-8).  When defendants failed to file an answer or otherwise respond within the required time period, the Clerk of Court entered a Certificate of Default against defendants on May 12, 2021.  (See ECF No. 14).  On May 19, 2021, plaintiff filed a motion for default judgment, accompanied by his Affirmation and Memorandum of Law in support of the motion, certificates of service, a copy of the Complaint, and an attorney's fee statement.  (See Mem.; Fee Statement[3]).  On July 16, 2021, the Honorable Ann M. Donnelly, referred the motion to the undersigned for a Report and Recommendation.  Defendants failed to file anything in response.

## DISCUSSION

I.    Default and Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on

---

[3] Citations to "Fee Statement" refer to the Attorney Fee Statement, filed as Exhibit 4 to the motion for default judgment, ECF No. 15.

the Clerk's record of the case.  See id.; see also Fed R. Civ. P. 55(a) (providing that "[w]hen a

party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

default").  Second, after the Clerk of Court enters a default against a party, if that party fails to

appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a

default judgment.  See Fed. R. Civ. P. 55(b).  The Clerk of the Court entered a default against

defendants on May 12, 2021.  (See ECF No. 14).

The Second Circuit has cautioned that since a default judgment is an extreme remedy, it

should only be entered as a last resort.  See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981).

While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in

disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it

has held that the district court must balance that interest with its responsibility to "[afford]

litigants a reasonable chance to be heard."  Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96.

Thus, in light of the "oft-stated preference for resolving disputes on the merits," default

judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting

party.  Id.  Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply

because defendant is in default.  See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp.

160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme

care to avoid miscarriages of justice").

The Court has significant discretion to consider a number of factors in deciding whether

to grant a default judgment, including (1) whether the grounds for default are clearly established;

(2) whether the claims were adequately pleaded in the Complaint, thereby placing the defendant

on notice, see Fed. R. Civ. P. 54(c) (stating: "[a] default judgment must not differ in kind from,

4

or exceed in amount, what is demanded in the pleadings"); and (3) the amount of money potentially involved – the more money involved, the less justification for entering the default judgment.  See Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992).  Additionally, the Court may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and whether the default judgment might have a harsh effect on the defendants.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

A party defaults when it "has failed to plead or otherwise defend" the case.  Fed. R. Civ. P. 55(a).  The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'"  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (citation omitted).  Indeed, a defendant may fail to defend by "failing to appear for a deposition, dismissing counsel, giving vague and unresponsive answers to interrogatories, and failing to appear for trial," Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65, or by failing to comply with discovery orders or failing to appear for trial.  Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 454 (2d Cir. 2013) (citing Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917-19 (3d Cir. 1992)).  However, the "typical Rule 55 case is one in which a default has entered because a defendant failed to file a timely answer."  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d at 129 (alterations and quotations omitted).  Here, defendants have defaulted by failing to file an Answer or otherwise respond to the plaintiff's Complaint.

The burden is on the plaintiff to establish his entitlement to recovery.  See Greyhound ExhibitGroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993).  When a default judgment is entered, the defendants are deemed to have

admitted all well-pleaded allegations in the complaint pertaining to liability.  See id.  For the

purposes of an inquest, the court accepts as true all factual allegations in the complaint, except

those claims relating to damages.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65.

II.  Entry of Default Judgment – Liability for Damages Alleged in the Complaint

Plaintiff has alleged claims under the ADA, the NYSHRL, and the NYCHRL.  Under the

ADA, a plaintiff must "establish that (1) he or she is disabled within the meaning of the ADA;

(2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the

defendants discriminated against the plaintiff within the meaning of the ADA."  Roberts v. Royal

Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008); see also Chavez v. L2 Liu Inc., No. 20 CV 1388,

2021 WL 1146561, at *6 (E.D.N.Y. Feb. 26, 2021), report and recommendation adopted as

modified, 2021 WL 1146040 (E.D.N.Y. Mar. 25, 2021).  A claim of disability discrimination

under the NYSHRL is "governed by the same legal standards as govern federal ADA claims."

Rutledge v. Haru Inc., No. 20 CV 7641, 2021 WL 4429328, at *2 (S.D.N.Y. Sept. 27, 2021)

(quoting Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 n.3 (2d Cir. 2006)).  Similarly, a claim

under the NYCHRL goes "beyond those of counterpart state or federal civil rights laws," such

that if a plaintiff can allege an ADA or NYSHRL violation, he has also alleged a claim under the

NYCHRL.  See Cox v. Anjin LLC, No. 19 CV 4315, 2020 WL 5027864, at *7 (S.D.N.Y. July

24, 2020), report and recommendation adopted, 2020 WL 5018255 (S.D.N.Y. Aug. 25, 2020).

Here, plaintiff has alleged that he is disabled within the meaning of the ADA because he

is wheelchair-bound and defendants own, lease, or operate the Premises, a restaurant/bar, which

is a place of public accommodation.  (Compl. ¶¶ 6-7, 10-11, 32); see Rutledge v. Haru Inc., 2021

WL 4429328, at *1 (finding identical allegations sufficient to allege the first two prongs of ADA

liability).  As to the third prong, plaintiff alleges various violations of the ADA, including

architectural barriers, that make it impossible for plaintiff to access the Premises.  (See Compl.

¶¶ 12, 20-21).  Plaintiff also alleges that these barriers "continue to exist and deter plaintiff" from

patronizing the Premises.  (Id. ¶¶ 26-28).  As a result, plaintiff alleges that he has been

discriminated against in violation of the ADA.  (Id. ¶¶ 37, 43-46).  Given that the factual

allegations in the Complaint are deemed true for the purposes of a default judgment, the

Complaint meets "all the necessary elements of a claim under the ADA."  Adams v. 724 Franklin

Ave. Corp., No. 16 CV 5138, 2016 WL 7495804, at *3 (E.D.N.Y. Dec. 30, 2016).  Since

plaintiff's NYSHRL claim is governed by the same standard, plaintiff has also met all necessary

elements of his state law claim.  Further, because plaintiff has established claims under both the

ADA and the NYSHRL, he has also established a claim under the NYCHRL.

Accordingly, plaintiff is entitled to default judgment under the ADA, the NYSHRL,

pursuant to N.Y. Exec. Law § 292, and the NYCHRL, pursuant to N.Y. Admin. Code § 8-107.

III.    Damages

Plaintiff seeks an injunction, compensatory damages in the amount of $1,500, and

attorney's fees.[4]  (Mem. at 12; Compl. at 17-18).[5]

---

[4] In his Complaint, plaintiff requested an award of punitive damages pursuant to N.Y. Admin. Code § 8-502.  (Compl. ¶ 68).  However, plaintiff appears to have abandoned that request in his motion for default judgment.  (See Mem. at 12 (listing requested relief)).  Thus, the Court will consider only the relief requested as set forth in the motion for default judgment.  The Court also notes that an award of punitive damages requires that plaintiff prove that defendants' conduct was "malicious," but plaintiff has proffered no evidence of any malicious behavior on the part of defendants.  See Shalto v. Bay of Bengal Kabob Corp., No. 12 CV 920, 2013 WL 867429, at *11 (E.D.N.Y. Feb. 6, 2013) (stating that plaintiff failed to "submit a sworn statement about his emotional distress and its specific manifestations and treatment" and did not allege any actions that "aggravated the disability discrimination effected by the architectural barriers" when denying plaintiff's request for punitive damages), report and recommendation adopted as modified, 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013).

[5] Plaintiff also seeks a declaratory judgment establishing that defendants violated the ADA, NYSHRL, and NYCHRL.  (Mem. at 12; Compl. at 17-18).  Although at least one court in this Circuit has granted declaratory relief in a disability discrimination default judgment action, see Brown v. Good Friendship Deli & Tobacco Corp., No. 19 CV 7158, 2021 WL 5822232, at *4 (S.D.N.Y. Dec. 7, 2021) (granting declaratory relief in default judgment after plaintiff established that defendants violated the ADA, NYSHRL, and NYCHRL), this Court has previously found declaratory relief unnecessary where

7

### A. Legal Standard

When a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the Complaint pertaining to liability.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158; Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65; Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 977 (S.D.N.Y. 1992) (citing United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir. 1989)); Deshmukh v. Cook, 630 F. Supp. 956, 959-60 (S.D.N.Y. 1986); 6 Moore's Federal Practice ¶ 55.03[2] at 55-16 (2d ed. 1988).  However, the plaintiff must still prove damages in an evidentiary proceeding at which the defendant has the opportunity to contest the claimed damages.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158.  "'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'"  Levesque v. Kelly Commc'ns, Inc., No. 91 CV 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)).

When a court enters a default judgment and the amount of damages sought does not consist of a sum certain, Rule 55(b) of the Federal Rules of Civil Procedure provides that:  "The Court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to . . . determine the amount of damages."  Fed. R. Civ. P. 55(b)(2)(B).  While "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing."  Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988) (collecting cases),

---

the plaintiff is granted injunctive relief.  See Chavez v. 25 Jay St. LLC, No. 20 CV 845, 2021 WL 982865, at *6 (E.D.N.Y. Feb. 24, 2021), report and recommendation adopted, 2021 WL 980257 (E.D.N.Y. Mar. 16, 2021).  Since this Court finds that plaintiff is entitled to injunctive relief, see supra, it also finds that declaratory relief is unnecessary.

aff'd, 873 F.2d 38 (2d Cir. 1989).  Here, the Court finds a hearing unnecessary, and respectfully

recommends the relief set forth below.

### B.  Injunctive Relief

Under the ADA, "injunctive relief to compel architectural compliance" is the sole

available remedy, other than discretionary attorney's fees.  See Taylor v. 312 Grand St. LLC,

No. 15 CV 5410, 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016).  Since plaintiff has "cited

to the particular ADA regulation[s] requiring compliance," has alleged that defendants have

failed to comply with those provisions, and defendants have chosen not to challenge those

allegations by defaulting, plaintiff is entitled to injunctive relief.  Adams v. 724 Franklin Ave.

Corp., 2016 WL 7495804, at *3; see Ross v. Royal Pizza Cafe Corp., No. 17 CV 6294, 2018 WL

6313208, at *4 (E.D.N.Y. Aug. 1, 2018) (granting injunctive relief where plaintiff alleged that

defendants failed to comply with the ADA in default judgment action), report and

recommendation adopted, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018).

However, plaintiff requests injunctive relief in the form of a "permanent injunction

ordering **defendants to close and cease all business** until defendants remove all violations . . .

including but not limited to the violations set forth in the complaint."  (Mem. at 12 (emphasis in

original); see Compl. at 17-18).  First, as other cases have noted, this Court has "no way of

knowing from an architectural perspective whether the injunction that [is] issue[d] should require

the necessary alterations in a week, which may be infeasible, or a year, which might be far too

long."  Taylor v. 312 Grand St. LLC, 2016 WL 1122027, at *4; see O'Rourke v. Drunken

Chicken in NY Corp., No. 19 CV 3942, 2020 WL 4013187, at *4 (E.D.N.Y. July 16, 2020).  Nor

has plaintiff set forth any reasoning as to why the restaurant could not stay open while the

modifications are made.  O'Rourke v. Drunken Chicken in NY Corp., 2020 WL 4013187, at *4.

The Court is unaware of any cases, and plaintiff cites to none, that have awarded an injunction closing a defendant's business until the business remedies the various ADA violations contained in a plaintiff's complaint.

Setting aside this Court's concerns regarding the injunction as requested, the "often-used method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan within a prescribed period of time." Taylor v. 312 Grand St. LLC, 2016 WL 1122027, at *4 (collecting cases); see Hashimi v. CLMO, LLC, No. 20 CV 1073, 2021 WL 3478174, at *4 (E.D.N.Y. July 19, 2021), report and recommendation adopted, 2021 WL 3472658 (E.D.N.Y. Aug. 6, 2021); see also Cox v. Anjin LLC, 2020 WL 5027864, at *7.  Thus, the Court respectfully recommends that defendants be required to submit a compliance plan within 60 days of any Order adopting this Report and Recommendation.

### C. Compensatory Damages

Both the NYSHRL and the NYCHRL allow a plaintiff to recover compensatory damages. See Kreisler v. Second Ave. Diner Corp., No. 10 CV 7592, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), aff'd, 731 F.3d 184 (2d Cir. 2013).  Plaintiff requests $1,000 "based on the [d]efendants['] violation of the New York City Human Rights law." (Mem. at 10).  The New York City Human Rights Commission "has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage 'other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.'" Kreisler v. Second Ave. Diner Corp., 2012 WL 3961304, at *14 (citation omitted); see Chavez v. 25 Jay St. LLC, 2021 WL 982865, at *7.  Plaintiff alleges that by "failing to comply with the law, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation." (Compl. ¶ 36).  He

states that, due to the discrimination, he suffers "emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety." (Id. ¶¶ 55, 65). However, plaintiff has not alleged that defendants engaged in the sort of extreme conduct—such as statements expressly indicating that plaintiff would not be served on the basis of his disability or a scenario in which the defendant refused to remove barriers from the plaintiff's home—that warrant higher compensatory damages. See Kreisler v. Second Ave. Diner Corp., 2012 WL 3961304, at *14-15 (collecting cases). Thus, the Court respectfully recommends that plaintiff be awarded $1,000 in compensatory damages.

Plaintiff also requests compensatory damages of $500 pursuant to N.Y. Civ. Rights Law § 40 which "establishes a private cause of action to recover a statutory penalty against those who" discriminate against an individual on the basis of his or her disability. Feacher v. Intercontinental Hotels Grp., 563 F. Supp. 2d 389, 407 (N.D.N.Y. 2008) (citing N.Y. Civ. Rights Law § 40). However, § 40 states that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general." N.Y. Civ. Rights Law § 40-d. Although plaintiff alleges in his Complaint that he served the attorney general (see Compl. ¶ 74), plaintiff has provided no evidence in connection with this motion for default judgment establishing that the attorney general was in fact served. See Feacher v. Intercontinental Hotels Grp., 563 F. Supp. 2d at 407 (noting that "failure to comply with the notice provisions . . . is fatal to a private action . . ."); see also Perez Rivera v. Hertz Corp., 990 F. Supp. 234, 238 (S.D.N.Y. 1997) (excusing failure to allege compliance with notice requirement on motion to dismiss where "undisputed that plaintiffs actually complied with the notice requirement"). However, plaintiff should be allowed to supplement his motion with supporting documentation of his service of notice on the attorney general. See Feacher v. Intercontinental Hotels Grp., 563 F. Supp. 2d at

407.

Accordingly, the Court respectfully recommends that plaintiff be awarded $1,000 in compensatory damages and allowed an opportunity to supplement his request for compensatory damages by providing evidence of service upon the attorney general in compliance with the NYCHRL.  In the event that plaintiff supplements his papers by providing evidence of service upon the attorney general, the Court respectfully recommends that he be awarded an additional $500 pursuant to Section 40 of the New York Civil Rights Law.

### D.  Attorney's Fees

Plaintiff requests attorney's fees in the amount of $6,200, and litigation costs and expenses in the amount of $2,097.40.  (Mem. at 11).  "Both the ADA and [the NYCHRL] allow a prevailing party to recover reasonable attorneys' fees," including litigation costs and expenses. Rutledge v. Haru Inc., 2021 WL 4429328, at *3 (citing 42 U.S.C. § 12205 and N.Y. Admin. Code § 8-502(f)); see Lightfoot v. Union Carbide Corp., 110 F.3d 898, 913 (2d Cir. 1997) (noting that plaintiff could have only recovered attorney's fees under the ADA, but not under the NYSHRL).  An award of attorney's fees under both the ADA and the New York City Administrative Code is discretionary.  See 42 U.S.C. § 12205; N.Y. Admin. Code § 8-502(f).

Clearly, plaintiff is a prevailing party if his motion for default judgment is granted as recommended by this Court.  See Hashimi v. CLMO, LLC, 2021 WL 3478174, at *4; Cox v. Anjin LLC, 2020 WL 5027864, at *8.  However, in order to recommend an award of attorney's fees, this Court must be able to determine the reasonableness of the hourly rate, as well as the number of hours reasonably expended, in order to determine whether the requested fee is reasonable.  See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008).  Although plaintiff's counsel provides billing records in support

of his request for attorney's fees (see Fee Statement), counsel provides no support for the rates

charged or the reasonableness of the hours expended in connection with his fee request.  Instead,

the Memorandum of Law states only that "[p]laintiff has agreed that his attorney's rates were

reasonable [and] that he has reviewed his firm's time records and supporting data and that the

motion is well grounded in fact and justified."  (Mem. at 11).  Further, counsel does not provide

any sort of affidavit stating that the fees requested are those usually charged to his clients, nor

does he provide any evidence of his credentials or experience.  See Cankat v. 41st Ave. Rest.

Corp., No. 15 CV 4963, 2016 WL 7217638, at *4 (E.D.N.Y. Dec. 12, 2016) (looking to

counsel's credentials to determine reasonable fees and collecting cases where the courts

performed similar analyses).  Lastly, there is no statement that these records were generated

contemporaneously, as is ordinarily required for a reward of fees.  See New York State Ass'n for

Retarded Child., Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983) (stating that

"contemporaneous time records are a prerequisite for attorney's fees in this Circuit").

    As to costs, plaintiff seeks an award of costs associated with filing and service of the

action, as well as $1,500 representing the cost of an ADA inspection report.  (Mem. at 11).

Although plaintiff is required to provide supporting documentation for costs generally, courts

often take judicial notice of the filing fees in the district and grant plaintiffs' requests for costs

associated with filing the action, even in the absence of other evidence.  See Feltzin v. Union

Mall LLC, 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019) (holding that filing fees "are recoverable

without supporting documentation if verified by the docket" and collecting cases).  Here,

plaintiff clearly paid the filing fee of $400.  (See Compl.).

    Additionally, plaintiff requests an award of $197.40 in service of process fees, but

plaintiff failed to provide documentation in support of the process server fees.  However, the

Court may look to the affidavits of service themselves.  (See ECF Nos. 7, 8).  The affidavits state

that plaintiff paid a fee of $40 each to the Secretary of State.  (Id.)  Although plaintiff has

requested a higher amount, the Court respectfully recommends that plaintiff be awarded $80, or

the cost of service as evidenced by the affidavits of service.  In total, the Court respectfully

recommends that plaintiff be awarded $480 in costs representing the filing fee and the service of

process fees.

Plaintiff also lists the expense of $1,500 for an ADA inspection report, for which no

supporting documentation whatsoever has been provided.[6]  Absent supporting documentation for

that request, as well as the lack of support for the attorney's fees, see Hashimi v. CLMO, LLC,

2021 WL 3478174, at *6 (denying award of costs without prejudice where lack of support for

attorney's fees), this Court respectfully recommends awarding costs in the amount of $480, but

denying the remainder of the award of costs and attorney's fees at this time.  See Feltzin v.

Union Mall LLC, 393 F. Supp. 3d at 219.  However, the Court recommends that plaintiff be

given 30 days from the date of any Order adopting this Report and Recommendation to submit a

renewed motion for attorney's fees and costs.

## CONCLUSION

Accordingly, the Court respectfully recommends that plaintiff's motion for default

judgment be granted in part with the modifications as set forth above and denied insofar as

plaintiff requests an Order closing defendants' establishment until such time as the necessary

repairs and remedial measures can be completed.  Instead, the Court respectfully recommends

that defendants be required to submit a compliance plan within 60 days of any Order adopting

---

[6] The Court also notes that plaintiff's papers, including the Complaint, make no reference to the ADA inspection report.  At least one case has declined to award attorney Gary Rosen, Esq., plaintiff's counsel in this case, the litigation cost associated with an ADA inspection report.  See Rutledge v. Haru Inc., 2021 WL 4429328, at *3.

this Report and Recommendation.  The Court also recommends that plaintiff be awarded a total

of $1,480 in compensatory damages and costs.  If plaintiff can demonstrate that notice was

served upon the attorney general, then it is recommended that plaintiff also be awarded an

additional $500 pursuant to Section 40 of the New York Civil Rights Law.  Finally, the Court

recommends that plaintiff be given 30 days from the date of any Order adopting this Report and

Recommendation to renew his motion for attorney's fees and costs.

Plaintiff is Ordered to serve this Report and Recommendation on defendants and file

proof of service on the docket by March 4, 2022.

Any objections to this Report and Recommendation must be filed with the Clerk of the

Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also

Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections

within the specified time waives the right to appeal the District Court's Order.  See, e.g., Caidor

v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a

. . . report [and recommendation] operates as a waiver of any further judicial review of the

magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties

either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:  March 1, 2022
        Brooklyn, New York

*Cheryl L. Pollak*
CHERYL L. POLLAK
Chief United States Magistrate Judge
Eastern District of New York

15