UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
           :
**CARLOS RUIZ FLOREZ**,
           :
                                Plaintiff,
           :   **MEMORANDUM DECISION AND**
        – against –        **ORDER**
           :
                                   20-CV-4745 (AMD) (CLP)
           :
**MISTER CANGREJO NY CORP.** and **79-05/07/09 JACKSON HEIGHTS PROPERTY LLC**,
           :
           :
                              Defendants.   :
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       On October 4, 2020, the plaintiff filed this action against defendants Mister Cangrejo NY Corp. and 79-05/07/09 Jackson Heights Property LLC (the "defendants"), who are alleged to own, lease, or operate a business located in Jackson Heights, New York. (*See* ECF No. 1.) The complaint alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. (*Id.*) The defendants were served on October 22, 2020. (ECF Nos. 7, 8.) The clerk filed an entry of default by the defendants on May 12, 2021. (ECF No. 14.)

       On May 19, 2021, the plaintiff filed a motion for default judgment against both defendants. (ECF No. 15.) I referred the motion to Chief Magistrate Judge Cheryl L. Pollak on July 16, 2021. Judge Pollak issued a thorough Report and Recommendation on March 1, 2022, in which she recommends that the plaintiff's motion be granted in part and denied in part. (ECF No. 16.) Judge Pollak recommends that the Court:

(a) enter an injunction requiring the defendants to submit a compliance plan to remedy the violations identified in the Report and Recommendation within 60 days of this Order;

(b) deny the plaintiff's request for an injunction that would force the defendants to close their business while they implement the necessary remedial measures;

(c) deny the plaintiff's request for declaratory relief;

(d) award the plaintiff $1,000 in compensatory damages under the NYSHRL and NYCHRL;

(e) award the plaintiff $480 in costs; and

(f) deny the remainder of the award of attorneys' fees and costs without prejudice to submitting a renewed motion for fees and costs within 30 days of this Order.

(*Id.* at 7 n.5, 14-15.) Judge Pollak also recommends that the Court award the plaintiff an additional $500 in statutory penalties under Section 40 of the New York Civil Rights Law, but only if he submits proof that he served the Attorney General with notice, as the statute requires. (*Id.* at 11-12.)

The plaintiff filed proof of service of Judge Pollak's Report and Recommendation on the defendants, which demonstrates that they were served on March 3, 2022. (ECF No. 17.) No party has filed an objection to Judge Pollak's Report and Recommendation, and the time for doing so has passed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the Report and Recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis*

*v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted).

I have reviewed Judge Pollak's well-reasoned and comprehensive Report and Recommendation and find no error. Accordingly, I adopt the Report and Recommendation in its entirety.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        March 21, 2022